## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRIORITY HEALTHCARE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. 08-148-JJF |
| v. | ) | |
| | ) | |
| AETNA SPECIALITY PHARMACY, LLC, and | ) | |
| AETNA HEALTH HOLDINGS, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY IN RESPONSE TO DEFENDANTS' REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Priority Healthcare Corporation ("Priority") moves this Court for leave to file a brief surreply to respond to new arguments first raised by Defendants in their reply brief in support of their motion to dismiss Priority's complaint for declaratory judgment (D.I. 12).[1]  A copy of the proposed surreply is attached hereto as Exhibit A.  Priority does not object to Defendants filing a response to Priority's surreply.

The grounds for this Motion are that Defendants have violated D. Del. LR 7.1.3(c)(2), which provides that "[t]he party filing the opening brief shall not reserve material for the reply brief which should have been included in a full and fair opening brief."  The rule against raising new issues in a reply is, of course, designed to prevent the unfairness to the party opposing the original motion.  *See Rockwell Techs., LLC v. Spectra-Physics Lasers, Inc.*, C.A. No. 00-589 GMS, 2002 WL 531555, at *3 (D. Del. Mar. 26, 2002); *Judicial Watch of Florida, Inc. v. DOJ,*

---

[1] Pursuant to Local Rule 7.1.1, counsel for Priority contacted counsel for Defendants prior to filing the instant motion.  Defendants would not consent unconditionally to this Motion.

102 F. Supp. 2d 6, 12 (D.D.C. 2000) ("It is not proper to raise new issues in a reply, because the party opponent is thereby denied an opportunity to respond.").

In their opening brief, Defendants argued that Priority's "Complaint appears designed to circumvent the contract's provision for dispute resolution." (D.I. 7 at p. 13). Defendants, however, failed to cite to and/or identify a *single* contract provision that allegedly supports their argument. As a result, in its opposition, Priority noted that Defendants' argument lacked merit, in part, because Defendants "failed to present any factual support" for their assertion that Priority failed to comply with certain contract dispute resolution provisions. (D.I. 10 at p. 10). In their reply, Defendants respond to Priority's argument in detail with information and arguments that could and should have been included in their opening brief.

In three pages of argument (D.I. 12 at pp. 8-10), Defendants, for the first time, identify the specific contract provisions upon which they rely and provide the Court with copies of the contracts at issue. Clearly, Defendants had access to these arguments and/or materials prior to filing their motion and opening brief. Rather than disclose these arguments or provide the related contracts in a timely fashion, Defendants chose to reserve these arguments and materials in violation of this Court's rules. Because Defendants raise new arguments in their reply, the Court should allow Priority leave to respond in the form of a surreply. *See, e.g., Wyoming Outdoor Council v. Bosworth,* 284 F. Supp. 2d 81, 87 n.7 (D.D.C. 2003) ("When a party is unable to contest matters presented to the court for the first time in the last scheduled pleading, the court may grant that party leave to file a sur-reply."); *ACLU of Nevada v. City of Las Vegas,* 13 F. Supp. 2d 1064, 1071 (D. Nev. 1998) (same).

## CONCLUSION

WHEREFORE, for the foregoing reasons, Priority respectfully requests that its Motion

for Leave to File Surreply be granted.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Conran
Christopher J. Valeriote
Omri E. Praiss
Christopher A. Smith
HUSCH BLACKWELL SANDERS LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-1530
Tel: (314) 480-1500

Dated: May 7, 2008
863194/ 32814

By: /s/ David E. Moore
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    1313 N. Market Street
    Hercules Plaza, 6th Floor
    Wilmington, DE 19801
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Priority Healthcare Corporation*

3

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on May 7, 2008, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on May 7, 2008, the attached document was Electronically Mailed to the following person(s):

William M. Kelleher
Neil R. Lapinski
ELLIOTT GREENLEAF
1000 West Street, Suite 1440
Wilmington, DE 19801
wmk@elliottgreenleaf.com
nrl@elliottgreenleaf.com

John M. Elliott
John P. Elliott
James C. Crumlish
Frederick P. Santarelli
ELLIOTT GREENLEAF &
SIEDZIKOWSKI, P.C.
925 Harvest Drive
Blue Bell, PA 19422
jme@elliottgreenleaf.com
jpe@elliottgreenleaf.com
jccrumlish@elliottgreenleaf.com
fpsantarelli@elliottgreenleaf.com


/s/ David E. Moore
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

861096 / 32814

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PRIORITY HEALTHCARE CORPORATION,     )
                                     )
            Plaintiff,               )
                                     )     C.A. No. 08-148-JJF
      v.                             )
                                     )
AETNA SPECIALITY PHARMACY, LLC, and  )
AETNA HEALTH HOLDINGS, LLC,          )
                                     )
            Defendants.              )

**PLAINTIFF'S SURREPLY BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO
DISMISS COMPLAINT FOR DECLARATORY JUDGMENT**

OF COUNSEL:

Joseph P. Conran
Christopher J. Valeriote
Omri E. Praiss
Christopher A. Smith
HUSCH BLACKWELL SANDERS LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-1530
Tel:  (314) 480-1500

Dated:  May 7, 2008
863374 / 32814

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Priority Healthcare Corporation*

## **TABLE OF CONTENTS**

I.    NATURE AND STAGE OF PROCEEDINGS .........................................................1

II.   SUMMARY OF ARGUMENT ...............................................................................1

III.  ARGUMENT.............................................................................................................2

IV.   CONCLUSION ........................................................................................................4

Plaintiff, Priority Healthcare Corporation ("Priority"), respectfully submits this sur-reply brief in opposition to Defendants' motion to dismiss Priority's Complaint for declaratory judgment.

## I.    NATURE AND STAGE OF PROCEEDINGS

Priority filed its Complaint on March 13, 2008 (D.I. 1) seeking a declaratory judgment in accordance with Fed. R. Civ. P. 57 and 28 U.S.C. § 2201.  On April 14, 2008, Defendants, Aetna Specialty Pharmacy, LLC and Aetna Health Holdings, LLC (collectively, "Defendants") filed their Motion to Dismiss the Complaint (D.I. 7).   On April 25, 2008, Priority filed its brief in opposition to Defendants' motion to dismiss (D.I. 10).  On May 5, 2008, Defendants filed their reply brief in support of their motion to dismiss (D.I. 12) (hereinafter, "reply brief").

## II.    SUMMARY OF ARGUMENT

In their opening brief, Defendants argue that Priority's "Complaint appears designed to circumvent the contract's provision for dispute resolution." (D.I. 7 at p. 13).  However, Defendants failed to cite to and/or identify a *single* contract provision that allegedly supports this argument.  As a result, in its opposition, Priority noted that this argument lacks merit, in part, because "Defendants have failed to present any factual support" for the assertion that Priority allegedly failed to comply with certain contract dispute resolution provisions.  (D.I. 10 at p. 10).

In response, Defendants address this argument in detail for the very first time in their reply brief (allocating three full pages to this argument alone).  (D.I. 12 at pp. 8-10).  Notably, Defendants conveniently waited until this late juncture (until after Priority filed its opposition brief) to: (i) identify the specific contract provisions which they claim support their argument; and (ii) provide the Court with a copy of the contracts at issue.

Under these circumstances, Priority is compelled to file this short sur-reply brief explaining why Defendants' argument fails to withstand scrutiny.

## III.    ARGUMENT

Defendants claim that the Court should dismiss this action because Priority allegedly failed to comply with the dispute resolution provisions set forth in Section 9.11 of the Drug Supply Agreement ("DSA") and Article XIII of the Operating Agreement. This argument lacks merit.

This dispute focuses on the parties' right and obligations under the DSA. As noted in paragraph 4 of the Complaint, pursuant to Section 9.4 of the DSA, venue is *mandatory* in this District because the parties agreed as follows:

> The Parties [referring to Priority and Defendants] consent and submit to the jurisdiction of the federal and/or state courts of the state [of] Delaware and **any action concerning this Agreement or related matters shall only be brought in the State of Delaware**. The Parties acknowledge and agree that they shall not raise in connection therewith, and hereby waive, any defenses based upon venue, inconvenience of forum or lack of personal jurisdiction **in any action or suit brought in accordance with the foregoing**. The Parties acknowledge that they have read and understand this clause and agree willingly to its terms.

DSA at ¶ 9.4 (emphasis added).

Defendants ignore this provision. Instead, Defendants rely on an entirely separate agreement, the Operating Agreement, which they claim imposes mandatory arbitration. Although aspects of the Operating Agreement are incorporated through the DSA, the specific provisions upon which Defendants rely recognize an exception for the Operating Agreement's dispute resolution provisions—namely those provisions apply "**[e]xcept as otherwise expressly**

set forth herein or in any Ancillary Agreement."[1] *See* Operating Agreement at Section 13.1 (emphasis added).

Section 9.4 of the DSA is that clear and unambiguous exception, and memorializes the parties' agreement to resolve any claims under the DSA in a Delaware state or federal court. *See* DSA at Section 9.4 (emphasis added). As a result, there is no basis for the Court to dismiss this lawsuit based on Priority's compliance with the express requirements in Section 9.4 of the DSA which required Priority to file its Complaint with this Court.

In addition, even assuming that Article XIII of the Operating Agreement applies in this case (which Priority denies), then the Court should estop Defendants from relying on it because they failed to comply with any of the requirements in this provision before filing their lawsuit against ESI in Federal Court in Philadelphia. It is undisputed that ESI is an Affiliate[2] of Priority. *See* Complaint at ¶ 11 ("In October 2005, Express Scripts, Inc. acquired Priority."). In addition, Aetna cannot dispute that it is currently a Member of ASP. As a result, if the Defendants' interpretation of Section 13.1 of the Operating Agreement controls, then they were required to comply with all of the requirements of that provision before Aetna (a Member) and ASP (the Company) filed their lawsuit against ESI (an Affiliate). Yet, Defendants failed to follow any of these requirements. This omission is particularly telling since the facts that underlie Defendants' Complaint against ESI in Philadelphia Federal Court (in contrast to the facts in this case) occurred while Priority was still a Member of ASP (before December 30, 2005).

---

[1] The term "Ancillary Agreement" is defined to include various related agreements entered into between the parties, including the DSA.

[2] The term "Affiliate" is defined to mean "when used with reference to a specific Person, any Person that, directly or indirectly, or through one or more intermediaries, Owns and Controls, is Owned and Controlled by, or is under common Ownership and common Control with, such specific Person."

3

Finally, as set forth in Priority's Complaint and opening brief, it is undisputed that Priority did engage in extensive, high-level negotiations with Aetna and ASP in an attempt to resolve the parties' disputes. Those negotiations, however, were to no avail. As a result, Priority proceeded to file this declaratory judgment action in order to have this Court clarify and declare the parties' immediate and future legal rights and obligations under the DSA.

For all these reasons, the Court should reject Defendants' belated argument based on Section 9.11 of the DSA and Article XIII of the Operating Agreement and exercise its discretion and resolve this dispute.

## IV.   **CONCLUSION**

For these reasons, as well as the reasons previously set forth in Priority's opposition, Priority respectfully requests that the Court deny Defendants' motion to dismiss Priority's Complaint for declaratory judgment.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Joseph P. Conran
Christopher J. Valeriote
Omri E. Praiss
Christopher A. Smith
HUSCH BLACKWELL SANDERS LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105-1530
Tel: (314) 480-1500

Dated: May 7, 2008
863374 / 32814

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     1313 N. Market Street
     Hercules Plaza, 6th Floor
     Wilmington, DE 19801
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Plaintiff*
*Priority Healthcare Corporation*