IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PRIORITY HEALTHCARE CORPORATION, | : : : : | |
| Plaintiff, | : : | C.A. No. 08-00148-JJF |
| v. | : : : | |
| AETNA SPECIALTY PHARMACY, LLC and AETNA HEALTH HOLDINGS, LLC, | : : : : : | |
| Defendants. | : : | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S SURREPLY BRIEF
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT FOR
DECLARATORY JUDGMENT**

ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.

Date: May 21, 2008

/s/ *William M. Kelleher*

William M. Kelleher (#3961)
Neil R. Lapinski (#3645)
1000 West Street
Suite 1440
Wilmington, DE 19801
Tel: (302) 384-9400, ext. 3
wmk@elliottgreenleaf.com
nrl@elliottgreenleaf.com

Of Counsel:
John M. Elliott
Frederick P. Santarelli
James C. Crumlish, III
John P. Elliott
925 Harvest Drive
Blue Bell, PA 19422
Tel: (215) 977-1000
jme@elliottgreenleaf.com
fps@elliottgreenleaf.com
jcc@elliottgreenleaf.com
jpe@elliottgreenleaf.com

*Attorneys for Defendants,
Aetna Specialty Pharmacy, LLC
And Aetna Health Holdings, LLC*

## TABLE OF CONTENTS

Page(s)

I. NATURE AND STATE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF ARGUMENT ........................................................................................ 1

III. ARGUMENT .................................................................................................................... 3

IV. CONCLUSION ................................................................................................................. 5

## TABLE OF AUTHORITIES

**Federal Cases**

*Bickling v. Kent General Hosp., Inc.*,
1995 WL 360753 (D. Del. 1995)......................................................................................4

*Citisteel USA, Inc. v. General Elec. Co.*,
2003 WL 22455408 (3d Cir. 2003) ..................................................................................3

**State Cases**

*Elliott Assocs., L.P. v. Avatex Corp.*,
715 A.2d 843 (Del. 1998)..................................................................................................3

*Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*,
616 A.2d 1192 (Del. Super. 1992)....................................................................................4

**Federal Statutes**

28 U.S.C. § 2201 .................................................................................................................1

Defendants, Aetna Specialty Pharmacy, LLC ("ASP") and Aetna Health Holdings, LLC ("Aetna Health")(collectively, "Defendants"), respectfully submit this Response to Plaintiff's Surreply Brief in Opposition to Defendants' Motion to Dismiss Complaint for Declaratory Judgment. D.I. 14.

## I.   NATURE AND STATE OF PROCEEDINGS

Plaintiff commenced this action on March 13, 2008 seeking to invoke the Court's discretionary jurisdiction under the authority of the Declaratory Judgment Act, 28 U.S.C. § 2201. D.I. 1. On April 14, 2008, Defendants filed a Motion to Dismiss and Brief in support thereof. D.I. 7-8. On April 25, 2008, Plaintiff filed a Brief in Opposition to Defendants' Motion to Dismiss. D.I. 10 (hereinafter "Opposition brief"). On May 5, 2008, Defendants filed a Reply Brief in support of their Motion to Dismiss. D.I. 12 (hereinafter "Reply brief").

On May 7, 2008, Defendants' counsel advised Plaintiff's counsel they would not oppose Plaintiff's Motion for Leave to File a Surreply, assuming Plaintiff would agree it would not oppose Defendants filing a subsequent Response to Plaintiff's Surreply. *See* Exhibit "1" (email correspondence between counsel for Plaintiff and Defendants). On the same day, Plaintiff filed a Notice and Motion for Leave to File a Surreply in Response to Defendants' Reply Brief and attached its Surreply as Exhibit A. D.I. 14-16.

Defendants do not oppose Plaintiff's Motion for Leave to file a Surreply, and Plaintiff has stated in its Motion that it does not oppose Defendants filing a Response to Plaintiff's Surreply.

## II.   SUMMARY OF ARGUMENT

Plaintiff could and should have raised these arguments in its original Opposition brief. Instead, in its Opposition brief, Plaintiff chose only to deny that Defendants provided "any

factual support for their assertion" that the DSA contains a dispute resolution clause. D.I. 10 at 10. Contrary to Plaintiff's suggestions, Defendants, in their Motion to Dismiss, clearly put Plaintiff on notice of the DSA's dispute resolution provisions and their effect. In view of the DSA's confidentiality requirements, the contract was not detailed in the public pleading, and Defendants preserved the right to provide the contract if otherwise necessary. D.I. 7 at pp 2-3, 13 n.3. The last thing that Defendants expected Plaintiff to dispute, however, was the factual support for the dispute resolution provisions. Surprisingly, Plaintiff did just that in its Opposition brief, and chose not to respond substantively.

It was Plaintiff, and not Defendants who, for whatever reason, decided to forego providing any substantive position on the effect of the dispute resolution clause. Instead, Plaintiff surprisingly suggested there was no dispute resolution clause, stating that the "DSA does not incorporate a dispute resolution clause." D.I. 10 at 11. This suggestion that there is no such clause pertaining to Plaintiff's claims, compelled Defendants to provide this Court with a copy of the DSA in its entirety and to point out Plaintiff's failure to address the substantive issues and effect of the clause.

In any event, the legal argument Plaintiff now proposes disregards Delaware's well-established rules of contract interpretation and construction. Plaintiff's interpretation of DSA Section 9.4 renders the dispute resolution provision in Section 9.11 meaningless, contrary to Delaware's requirement that all provisions of a contract are to be given meaning and not reduced to mere surplusage. As more fully set forth herein, the only reasonable interpretation of Section 9.4 and 9.11 is one that gives meaning to both clauses. This is easily accomplished with the interpretation that court actions, *after* any dispute resolution process or for "temporary injunctive" relief pending an arbitration, are to be venued in Delaware.

2

## III. ARGUMENT

Delaware follows the general rule that a court interpreting any contract must give effect to all terms of the instrument, must read the instrument as a whole and, if possible, must reconcile all the provisions of the instrument. *Citisteel USA, Inc. v. General Elec. Co.*, 2003 WL 22455408 at *4 (3d Cir. 2003); *Elliott Assocs., L.P. v. Avatex Corp.*, 715 A.2d 843, 854 (Del. 1998). Thus, the federal and state courts of Delaware will strive to give effect to all provisions of a contract and not render any provision meaningless. *Id.*

Here, Plaintiff relies on Section 9.4 of the DSA for the incredible proposition that it "memorializes the parties' agreement to resolve any claims under the DSA in a Delaware state or federal court." D.I. 14 at 3. However, the plain terms of Section 9.4 demonstrate that it is merely a *venue* provision, which would apply *if* and *to the extent* a court action is otherwise appropriate and is not otherwise precluded by any other terms of the contract. The plain meaning of Section 9.11, on the other hand, unambiguously provides for a dispute resolution process *instead of a court action*, or, at least before a court action is filed. For example, a court action to enforce or vacate an arbitration award resulting from the dispute resolution process would be venued in Delaware. Also, a court action for temporary injunctive relief *pending an arbitration* may be venued in Delaware. However, Plaintiff's Complaint involves neither of these situations. Therefore, the venue provision is not implicated at all.

If the Court were to interpret Section 9.4's venue provision as a clause mandating that the parties resolve "any" claims under the DSA in the Delaware *courts*, Section 9.11's dispute resolution provision would be rendered meaningless. Section 9.11 must not be rendered meaningless. Section 9.11 states:

> "Any controversy, claim or dispute arising out of or relating to this
> Agreement or the performance, breach, termination, enforceability, or

3

> validity thereof, including, without limitation, assertions as to the inducement of the Agreement by fraud or otherwise and the determination of the scope or applicability of the Parties' agreement to submit to binding arbitration *shall* be subject to the dispute resolution provisions set forth in Article XIII of the Operating Agreement."

DSA at ¶ 9.11 (emphasis added).

Plaintiff's proposed interpretation would effectively erase the foregoing provision from this contract. Alternatively, Defendants' interpretation of the relevant clauses and the contract as a whole is correct because it gives meaning and effect to *both* Sections 9.4 and 9.11.

Courts will not torture contractual terms to impart ambiguity where ordinary meaning leaves no room for uncertainty. *Bickling v. Kent General Hosp., Inc.*, 1995 WL 360753 at *3 (D. Del. 1995) (citing *Rhone-Poulenc Basic Chems. Co. v. American Motorists Ins. Co.*, 616 A.2d 1192, 1196 (Del. Super. 1992)). Indeed, this Court would have to torture (or, erase) the terms of Section 9.11 in order to give Section 9.4 the effect that Plaintiff desires. Plaintiff unreasonably suggests that Section XIII of the Operating Agreement recognizes "exceptions" to applying its dispute resolution procedures, and that DSA Section 9.4 is that "clear and unambiguous" exception. Again, this tortured interpretation would render the dispute resolution directive of Section 9.11 meaningless. This clearly violates Delaware's fundamental principles of contract construction and interpretation. Read in its entirety, the "exception" to which Section XIII of the Operating Agreement refers is meaningfully read only if it is read to permit a party, under subsection 13.3, to seek temporary or provisional injunctive relief from the Delaware courts *pending arbitration proceedings*. Unlike Plaintiffs interpretation, Defendants' reasonable interpretation gives full effect to the plain and unambiguous terms of DSA Section 9.4, 9.11 and Section XIII of the Operating Agreement.

4

Finally, Plaintiff's argument that Defendants should be estopped from requiring compliance with the plain and unambiguous terms of the DSA is devoid of legal basis. Tellingly, Plaintiff offers no legal support or citation whatsoever for this position. Moreover, Plaintiff's argument appears to be nothing more than another desperate attempt to delay and obstruct the ongoing Philadelphia Federal Court Litigation, by filing this action in Delaware and misusing the Declaratory Judgment Act. *See* D.I. 8 at Section IV, C.

## IV.  **CONCLUSION**

For the foregoing reasons, as well as those previously set forth in Defendants' Brief in Support of their Motion to Dismiss and Defendants' Reply brief, Defendants respectfully request this Court grant this Motion and decline to exercise jurisdiction or otherwise entertain relief under the Declaratory Judgment Act.

Date: May 21, 2008

Respectfully submitted,

ELLIOTT GREENLEAF
& SIEDZIKOWSKI, P.C.

/s/ *William M. Kelleher*
William M. Kelleher (#3961)
Neil R. Lapinski (#3645)
1000 West Street
Suite 1440
Wilmington, DE  19801
Tel:  (302) 384-9400, ext. 3
wmk@elliottgreenleaf.com
nrl@elliottgreenleaf.com

Of Counsel:
John M. Elliott
Frederick P. Santarelli
James C. Crumlish, III
John P. Elliott
925 Harvest Drive
Blue Bell, PA 19422
Tel: (215) 977-1000
jme@elliottgreenleaf.com
fps@elliottgreenleaf.com
jcc@elliottgreenleaf.com
jpe@elliottgreenleaf.com

*Attorneys for Defendants,*
*Aetna Specialty Pharmacy, LLC*
*And Aetna Health Holdings, LLC*

# Exhibit 1

-----Original Message-----
**From:** Praiss, Omri [mailto:Omri.Praiss@huschblackwell.com]
**Sent:** Wednesday, May 07, 2008 11:00 AM
**To:** Fred Santarelli; William M. Kelleher; Horwitz, Richard L.; Elizabeth A. Williams; Valeriote, Chris
**Cc:** Moore, David E.
**Subject:** RE: Priority v. Aetna (D.Del)

Fred,

I respectfully disagree with you summary below.
Aetna had every opportunity to identify specific contract provisions and attached the relevant agreements as part of its opening brief. However, Aetna chose to do so only after Priority filed its response.
As a result, we are now forced to file a sur-reply brief.

Thanks, Omri

**HUSCH BLACKWELL SANDERS**

**Omri E. Praiss**
**Partner**
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1829
Fax: 314.480.1505
E-Mail: omri.praiss@huschblackwell.com
Website: www.huschblackwell.com

---

**From:** Fred Santarelli [mailto:fps@elliottgreenleaf.com]
**Sent:** Wednesday, May 07, 2008 8:23 AM
**To:** Praiss, Omri; William M. Kelleher; Horwitz, Richard L.; Elizabeth A. Williams; Valeriote, Chris
**Cc:** Moore, David E.
**Subject:** RE: Priority v. Aetna (D.Del)

Omri--I am not sure what you are talking about. The dispute resolution process was raised in the opening brief. You apparently believed it was better for you to not deal with it directly or pretend there was no such clause. Perhaps that was your strategy, but in any event, I would appreciate some professionalism in not trying to accuse Aetna of "improperly waiting", as some excuse for your decision to not address it directly. the fact is, we raised the dispute resolution process; you chose to respond as you did, apparently downplaying it and not having any substantive explanation of how it is not applicable as you say; and our reply, as is common with a reply, simply pointed out that you have no real answer to the point.

Such assertions as those you are now making to excuse why you chose to respond the way you did, denigrate the process, results in your opponent having to respond and explain that what you are saying is wrong, and thereby distracts from the merits. I'm sure you'll agree, such "advocacy" does not help the court make a decision on the

merits.

If you genuinely feel a need a file a "sur-reply", that is OK with us **but only so long as Aetna is, at the same time, granted the right to file a further reply to whatever it is you are going to file**; and, you retract your statement that Aetna was, as you say "improperly waiting" for anything. You can also pick up the phone next time and talk about it before you choose to make such accusations.

Frederick P. Santarelli
Elliott Greenleaf
Union Meeting Corporate Center V
925 Harvest Drive, Suite 300
Blue Bell, Pennsylvania 19422
Direct Dial: 215-977-1024
Telecopier: 215-977-1099
E-mail: FPSantarelli@elliottgreenleaf.com
Firm Website: www.elliottgreenleaf.com

---

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, may constitute attorney work product that is legally protected from any disclosure to unintended recipients, and is intended only for the use of the intended recipient. Unauthorized use, disclosure or copying is strictly prohibited and may be unlawful. If you have received this communication in error or are not the intended recipient, please notify us immediately at (215) 977-1024.

-----Original Message-----
**From:** Praiss, Omri [mailto:Omri.Praiss@huschblackwell.com]
**Sent:** Tuesday, May 06, 2008 3:57 PM
**To:** William M. Kelleher; Horwitz, Richard L.; Elizabeth A. Williams; Valeriote, Chris
**Cc:** Fred Santarelli; Moore, David E.; Praiss, Omri
**Subject:** RE: Priority v. Aetna (D.Del)

William,

Having had an opportunity to review Aetna's reply brief, we believe that it will be necessary for Priority to file a short sur-reply brief.
In particular, it appears that Aetna improperly waited until its reply brief to address, in detail, its argument that Priority has allegedly failed to comply with certain contract dispute resolution provisions. None of these provisions were identified or discussed in Aetna's opening brief.

Please let us know asap if you consent to Priority filing a short sur-reply brief that responds to this new argument.

Thanks, Omri

**HUSCH BLACKWELL SANDERS LLP**

Omri E. Praiss
Partner
Husch Blackwell Sanders LLP
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Phone: 314.480.1829
Fax: 314.480.1505
E-Mail: omri.praiss@huschblackwell.com
Website: www.huschblackwell.com

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon the persons and in the manner indicated below:

**Via Electronic Filing and Service**

Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
1313 N. Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff
Priority Healthcare Corporation*

Dated: May 21, 2008
　　　　　　　　　　　　　　　　_/s/ William M. Kelleher_
　　　　　　　　　　　　　　　　William M. Kelleher (I.D. No. 3961)